**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **OHIO SECURITY INSURANCE COMPANY a/s/o SKYWAYS PETROLEUM LLC DBA COMFORT INN & SUITES** )<br>)<br>)<br>) | **CASE NO.:** |
| ) | |
| **Plaintiffs,** )<br>) | **NOTICE OF REMOVAL** |
| ) | |
| **v.** )<br>) | |
| **BRAKEFIRE, INCORPORATED DBA SILCO FIRE & SECURITY** )<br>)<br>) | |
| **Defendants.** ) | |

Defendant Brakefire, Incorporated DBA Silco Fire & Security (hereinafter, "Silco" or "Removing Defendant"), pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1146, hereby removes to this Court the action captioned *Ohio Security Insurance Company a/s/o Skyways Petroleum, LLC DBA Comfort Inn & Suites v. Brakefire, Incorporated DBA Silco Fire & Security*, Case No. 2024-CV-00026, on the docket of the Court of Common Pleas of Portage County, Ohio (the "state court action"). In support of this Notice of Removal, Removing Defendant states as follows:

1.  On January 11, 2024, Plaintiff Ohio Security Insurance Company a/s/o Skyways Petroleum, LLC DBA Comfort Inn & Suites ("Plaintiff") filed a Complaint in the Court of Common Pleas of Portage County, Ohio against Silco. Copies of all pleadings, processes, and orders in the state-court action are attached hereto as ***Exhibit A***. Removing Defendant denies the Plaintiffs' allegations.

2.  As more fully set forth below, this case is properly removable to this Court pursuant to

28 U.S.C. §§ 1441 and 1446 because Removing Defendant has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). In support of this *Petition and Notice of Removal*, Defendant states as follows:

### I.     The Parties

1.     This lawsuit arises out of an insurance subrogation matter wherein Plaintiff claims it is entitled to amounts it allegedly indemnified its insured under a policy of insurance that Plaintiff failed to attach to the underlying state court action. Plaintiff's insured is not a party to this action.

2.     Plaintiff is a wholly owned subsidiary of Liberty Mutual Insurance Company and a citizen of the State of Massachusetts, with its principal place of business and  Home Office located at 175 Berkley Street, Boston, MA 02116.

3.     Silco is an Ohio for-profit company with its principal place of business and headquarters located at 10200 Reading Road, Cincinnati, Ohio 45241.

4.     As set forth in detail below, this case is removable because there is complete diversity between the parties and the amount in controversy exceeds $75,000 as required for removal pursuant to 28 U.S.C. § 1332(a).

5.     By removing this action, Defendant does not waive and expressly reserves any arguments or defenses available to it, including, but not limited to, any defenses based on personal jurisdiction, improper venue, and improper or lack of service of process.

6.     By removing this action, Defendant does not admit any of the allegations in Plaintiff's Complaint.

### II.     Procedural Background

7.      Plaintiff initiated this action on January 11, 2024 by filing a Complaint in the Portage County Court of Common Pleas captioned *Ohio Security Insurance Company a/s/o Skyways Petroleum, LLC DBA Comfort Inn & Suites v. Brakefire, Incorporated DBA Silco Fire & Security*, Case No. 2024-CV-00026. Defendant was served with a copy of the complaint on January 16, 2024. *See* Summons and Proof of Service, ***Exhibit B***.

8.      Defendant has not filed a responsive pleading in the state-court action.

9.      In the Complaint, Plaintiff asserts one cause of action for common law negligence, alleging that Silco negligently maintained and/or serviced the fire sprinkler system at its insured's property located at 4423 OH-43, Kent, Ohio 44240.

10.     The Complaint also seeks, on behalf of the Plaintiff, damages in the amount of $3,740,373.10 under Plaintiff's alleged rights of subrogation.

**III.    This Case is Removable Pursuant to 28 U.S.C. § 1332(a)**

**A.  Theres is complete diversity of citizenship between the parties**

11.     The diversity of Citizenship requirements of 28 U.S.C. ¶ 1332(a) are satisfied.

12.     Complete diversity exists between Plaintiff and Defendant.

13.     Plaintiff is a citizen of Massachusetts. (Compl., ¶ 1).

14.     Defendant is an Ohio corporation (Compl., ¶ 4) with its principal place of business located in Cincinnati, Ohio.

15.     Because Plaintiff is a citizen of Massachusetts, and because Defendant is a citizen of Ohio, there is complete diversity of citizenship between the parties, and removal is proper under 28 U.S.C. § 1332(a)(1).

**B.  Removal is timely and he amount in controversy exceeds the $75,000 jurisdictional minimum**

16.     Removal is timely because Removing Defendants have removed this case within thirty (30) days of being served with the Summons and Complaint. See infra ¶¶ 7; 28 U.S.C. § 1446(b); FED.R.CIV.P. 6.

17.     Also, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied. This case satisfies the amount in controversy requirement for removal because there is a preponderance of the evidence that Plaintiff seeks more than $75,000, exclusive of interest and costs. See, e.g., *Gafford v. Gen'l Elec. Co*., 997 F.2d 150, 158 (6th Cir. 1993) ("We conclude that the 'preponderance of the evidence' ('more likely than not') test is the best alternative*."); McIntire v. Ford Motor Co.*, 142 F. Supp. 2d 911, 915 (S.D. Ohio 2001). This standard "does not place upon the defendant the daunting burden of proving, to a legal certainty, that plaintiff's damages are not less than the amount-in-controversy requirement." *Gafford*, 997 F.2d at 159. A removing defendant can meet this burden by merely showing that a fair reading of the plaintiff's complaint demonstrates that the unspecified damages sought "more likely than not" exceed $75,000. *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 573 (6th Cir. 2001) (holding that "a fair reading of the . . . damages sought by Plaintiffs provided that more than $75,000 was in controversy."). The preponderance of the evidence standard is not a heavy burden. *McCraw v. Lyons*, 863 F. Supp. 430, 435 (W.D.Ky. 1994) (finding that plaintiff's amended complaint alleging various tort claims and seeking compensatory damages, and punitive damages, but not specifying an amount of alleged damages in order to comply with state pleading rules, met amount in controversy requirement).

18.     Plaintiff specifically alleges and requests damages in the amount of $3,740,373.10 under Plaintiff's alleged rights of subrogation. (Compl., ¶ 16).

19.     The notice of removal must contain "a short and plain statement of the grounds for removal," but it "need not contain evidentiary submissions." *Alpha Insulation & Water Proofing v. Hamilton*, S.D.Ohio No. 2:20-cv-5938, 2021 U.S. Dist. LEXIS 9030 (Jan. 19, 2021) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014) (quoting 28 U.S.C. § 1446(a))).

20.     Accordingly, although Removing Defendant reserves the right to object to the damages sought by Plaintiff and disputes that Plaintiff is entitled to recover any damages, based on a fair reading of the allegations in the complaint, the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs. Therefore, the amount in controversy requirement is satisfied for "original jurisdiction" under 28 U.S.C. § 1332(a).

### IV.     All Procedural Elements for Removal Are Satisfied

21.     This Notice of Removal is timely under 28 U.S.C § 1446(b) because it is filed within thirty (30) days of January 16, 2024—the date on which Defendant was served with the Complaint. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (time period for removal begins when the defendant is served).

22.     This action is properly removed to this Court because the state court action is pending within this district. 28 U.S.C. § 1441.

23.     As set forth above, the Eastern Division of the United States District Court for the Northern District of Ohio has jurisdiction over this action under both 28 U.S.C. § 1332(a) and § 1332(d).

24.     Pursuant to 28 U.S.C. § 1446(a), attached hereto as ***Exhibit A***, is a true and correct copy of the entire file of record with the court in the state court action, including true and accurate

copies of the docket, complaint, summons, and proof of service filed with the Portage County Court of Common Pleas.

25.     Pursuant to 28 U.S.C. § 1446(d), Removing Defendant is filing a written notice of this removal with the Clerk of the Court of Common Pleas, Portage County, Ohio. This Notice of Removal and the Notice of Filing Notice of Removal are being served upon Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

**V.     Conclusion**

WHEREFORE, Defendant hereby removes this action from the Portage County Court of Common Pleas to the United States District Court for the Eastern Division of the United States District Court of the Northern District of Ohio, so this Court may assume jurisdiction over the case as provided by law.

Respectfully submitted,

*/s/ Thomas J. Connick*
Thomas J. Connick (0070527)
Schneider Smeltz Spieth Bell LLP
1375 East 9th Street, Suite 900
Cleveland, OH  44114
(216) 696-4200 / (216) 696-7303 (fax)
tconnick@sssb-law.com

***Counsel for Defendant Brakefire,***
***Incorporated DBA Silco Fire & Security***

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ Thomas J. Connick*
Thomas J. Connick (0070527)

```
              FILED
        COURT OF COMMON PLEAS

           JAN 1 1 2024

        JILL FANKHAUSER, Clerk
        PORTAGE COUNTY, OH
```

IN THE COURT OF COMMON PLEAS

PORTAGE COUNTY, OHIO

OHIO SECURITY INSURANCE COMPANY
a/s/o SKYWAYS PETROLEUM LLC DBA
COMFORT INN & SUITES
175 Berkley Street
Boston, MA 02116

**2024CV00026**

JUDGE _____

**JUDGE LAURIE J. PITTMAN**

      Plaintiff,

v.

**COMPLAINT**

BRAKEFIRE, INCORPORATED
DBA SILCO FIRE & SECURITY
10200 Reading Road
Cincinnati, OH 45241

      Defendant.

Plaintiff, Ohio Security Insurance Company as subrogee of Skyways Petroleum LLC dba Comfort Inn & Suites, by and through its attorney, pursuant to Ohio Civil Rules 3(A), files this Complaint against Defendant, Brakefire, Incorporated dba Silco Fire & Security and states as follows:

### PARTIES

1.     Plaintiff, Ohio Security Insurance Company, was and is a corporation organized and existing under the laws of the State of Massachusetts, which is duly licensed to engage in insurance practice in the State of Ohio. Plaintiff's home office and principal place of business is located at 175 Berkley Street, Boston, MA 02116.

2.     At all relevant times, Skyways Petroleum LLC dba Comfort Inn & Suites ("Insured"), was and is an Ohio company with its principal place of business within the State of Ohio and the owner of real property located at 4423 OH-43, Kent, OH 44240 ("Property").

3.      At all relevant times, Plaintiff issued a policy of insurance to its insured that provided coverage for, among other things, damage to the subject property, and Plaintiff is subrogated to the rights of its insured pursuant to said policy.

4.      At all relevant times, Brakefire, Incorporated dba Silco Fire & Security, was and is an Ohio company that maintains its principal place of business at 10200 Reading Road, Cincinnati, OH 45241, with an Ohio registered agent of Michael S Glassman, 255 E. 5th St., Suite 1900, Cincinnati, OH 45202.

5.      Jurisdiction is proper in this Court as this action involves a controversy in which damage/injury was sustained within the State of Ohio and all parties are subject to jurisdiction within the State of Ohio based upon their business activities.

## FACTUAL ALLEGATIONS

6.      Prior to February 3, 2022, Insured hired Defendant to maintain the fire sprinkler system at the Property.

7.      On or about February 3, 2022, a water event occurred in the Insured's hotel at the Property, which water event spread and caused severe water damage to the subject Property.

8.      Upon information and belief, Defendant maintained the subject fire sprinkler system and left water in the dry system.

9.      Investigation determined that the water event was due to the water in the fire sprinkler system freezing causing the pipes to burst.

10.     Pursuant to the terms and conditions of the Ohio Security insurance policy, Plaintiff paid substantial sums to or on behalf of its insured for water event related damage to the subject Property.

11.     Pursuant to the terms and conditions of the Ohio Security insurance policy, and by virtue of its payments to or on behalf of Insured, Plaintiff is subrogated to all rights, claims and causes of action that Insured may have against Defendant to the extent of payments made.

## COMMON LAW NEGLIGENCE

12.     Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 11 of this Complaint, as if fully set forth herein.

13.     Defendant Brakefire, Incorporated dba Silco Fire & Security owed a duty to Plaintiff's insured to exercise reasonable care and caution in the maintenance of the fire sprinkler system at the Property.

14.     Defendant breached this duty of care by committing one of more of the following negligent acts or omissions:

(a)     Carelessly and negligently left water in the fire sprinkler system while maintaining said system;

(b)     Carelessly and negligently failing to warn its customer of the dangers inherent in leaving water in the fire sprinkler system;

(c)     Carelessly and negligently failing to train, supervise and instruct its employees or agents;

(d)     Carelessly and negligently failing to follow applicable codes and standards in maintaining the fire sprinkler system;

(e)     Carelessly and negligently failing to properly drain the fire sprinkler system, thereby creating the risk that a water event would occur; and

(f)     Was otherwise careless and negligent in maintaining the fire sprinkler system.

15.     As a direct and proximate result of Defendant's negligence, Plaintiff's insured's hotel and its contents were substantially damaged.

16.    That pursuant to the aforementioned policy of insurance, Ohio Security Insurance Company was required and did pay to or on behalf of its insured damages in the amount of $3,740,373.10, to date, the insured incurred a deductible, and Plaintiff is subrogated to the rights of its insured.

WHEREFORE, Plaintiff, Ohio Security Insurance Company as subrogee of Skyways Petroleum LLC dba Comfort Inn & Suites, prays that judgment be entered against the Defendant, Brakefire, Incorporated dba Silco Fire & Security, in the amount of at least $3,740,373.10, plus any and all future payments, costs of suit, and such other relief this courts deems proper and just.

Respectfully submitted,


By:___/s/ Kesha D. Kinsey_____
       Kesha D. Kinsey, Esq. (0080534)

P.O. Box 6835
Scranton, PA 18505-6835
Direct Dial: (859) 801-0439
Fax: (603) 334-7233
Kesha.Kinsey@LibertyMutual.com
Attorney for Plaintiff

**PRAECIPE**

TO:    CLERK OF COURTS- CIVIL DIVISION
       PORTAGE COUNTY COMMON PLEAS COURT

Please issue Summons and Complaint by certified mail to the party listed below in reference to the above-captioned litigation.

BRAKEFIRE INC.
c/o Micheal Glassman
255 E 5th Street, Suite 1900
Cincinnati, OH 45202


/s/ Kesha D. Kinsey_____
Kesha D. Kinsey
*Attorney for Plaintiff*

**PORTAGE COUNTY COMMON PLEAS COURT**
**JILL FANKHAUSER CLERK**
**203 WEST MAIN STREET**
**RAVENNA OH 44266**
**PHONE NUMBER (330) 297-3644**
**FAX NUMBER (330) 297-4554**
WWW.CO.PORTAGE.OH.US

```
FILED
COURT OF COMMON PLEAS
JAN 1 1 2024
JILL FANKHAUSER, Clerk
PORTAGE COUNTY, OH
```

THE CASE DESIGNATION SHEET MUST BE COMPLETED WHEN FILING A NEW COMPLAINT.
PLEASE CIRCLE ONE OF THE DESIGNATIONS LISTED BELOW:

JUDGE LAURIE J. PITTMAN          **2024CV00026**

## CIVIL DESIGNATIONS

- [ ] A.  PROFESSIONAL TORT
- [ ] B.  PRODUCT LIABILITY
- [ ] C.  OTHER TORT
- [ ] D.  WORKERS COMPENSATION
- [ ] E.  FORECLOSURE
- [ ] F.  ADMINISTRATIVE APPEAL
- [x] H.  OTHER CIVIL

- [ ] PLEASE CHECK IF THIS CASE IS; VIOLATION OF OHIO MORTGAGE BROKER ACT OHIO REVISED CODE 1345 .09(E)

IN THE COURT OF COMMON PLEAS
PORTAGE COUNTY, OHIO

FILED
COURT OF COMMON PLEAS
JAN 1 1 2024
JILL FANKHAUSER, Clerk
PORTAGE COUNTY, OH

OHIO SECURITY INSURANCE COMPANY a/

PLAINTIFF

VS

BRAKFIRE, INCORPORATED d/b/a SILCO FI

DEFENDANT

CASE NO. **2024 CV 00026**

**REQUEST FOR SERVICE
INSTRUCTIONS**

JUDGE LAURIE J. PITTMAN

TO THE CLERK: PLEASE SERVE A COPY OF __COMPLAINT__
                                      (DOCUMENT TO BE SERVED)

ON __BRAKEFIRE, c/o Michael Glassman, 255 E. 5th Street, #1900, Cleveland, OH 45202__
(NAME AND ADDRESS OF PARTY TO BE SERVED)

____ ORDINARY MAIL WITH CERTIFICATE OF MAILING
                CIVIL RULE 4.6 (D)

✓ CERTIFIED MAIL

____ SHERIFF SERVICE................PERSONAL SERVICE ____
                                    RESIDENTIAL SERVICE ____

____ PROCESS SERVER................PERSONAL SERVICE ____
                                    RESIDENTIAL SERVICE ____

OTHER INSTRUCTIONS/COMMENTS:_____

_____

_____

____ **/s/ Kesha D. Kinsey (0080534)**
ATTORNEY / PRO SE

**Portage County Common Pleas Court**
**203 W Main St Po Box 1035**
**Ravenna Ohio 44266-1035**
**Phone 330-297-3644 Fax 330-297-4554**

**Case Number: 2024CV00026**

**CIVIL SUMMONS**

| FILED |
| :---: |
| COURT OF COMMON PLEAS |
| 01/12/2024 |
| JILL FANKHAUSER, CLERK |
| PORTAGE COUNTY, OHIO |

OHIO SECURITY INS CO, et al
**PLAINTIFF(S)**

**VS**

BRAKEFIRE INC, et al
**DEFENDANT(S)**

TO:  BRAKEFIRE INC
DBA SILCO FIRE & SECURITY
% MICHAEL GLASSMAN
225 E 5TH ST #1900
CLEVELAND OH 45202

**NAME AND ADDRESS OF PLAINTIFF'S ATTORNEY:**

KESHA D KINSEY 41 S HIGH ST SUITE 2300  COLUMBUS OH 43215

**DEFENDANT TAKE NOTICE**

You have been named as a Defendant in a complaint filed in the Portage County Common Pleas Court by the Plaintiff named above. Copy of complaint is attached hereto.

You are hereby notified, summoned and required to serve upon the Plaintiff's attorney, or upon the Plaintiff if he has no attorney of record, a copy of an answer to the complaint within 28 days after service of this summons on you, exclusive of the day of service.

Your answer must be filed with the Court within 3 days after the service of a copy of the answer on the Plaintiff's attorney, or upon the Plaintiff if he has no attorney of record. If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

**JILL FANKHAUSER, CLERK**

*Taylor Ogden*

Deputy Clerk                                        **SCANNED**

CC:  BRAKEFIRE INC

**Portage County Common Pleas Court**
**203 W Main St Po Box 1035**
**Ravenna Ohio 44266-1035**
**Phone 330-297-3644 Fax 330-297-4554**

**Case Number: 2024CV00026**

| | |
|---|---|
| **CIVIL SUMMONS** | FILED<br>COURT OF COMMON PLEAS<br>01/12/2024<br><br>JILL FANKHAUSER, CLERK<br>PORTAGE COUNTY, OHIO |

OHIO SECURITY INS CO, et al
**PLAINTIFF(S)**

**VS**

BRAKEFIRE INC, et al
**DEFENDANT(S)**

TO:    File Copy

**NAME AND ADDRESS OF PLAINTIFF'S ATTORNEY:**

KESHA D KINSEY 41 S HIGH ST SUITE 2300  COLUMBUS OH 43215

**DEFENDANT TAKE NOTICE**

You have been named as a Defendant in a complaint filed in the Portage County Common Pleas Court by the Plaintiff named above. Copy of complaint is attached hereto.

You are hereby notified, summoned and required to serve upon the Plaintiff's attorney, or upon the Plaintiff if he has no attorney of record, a copy of an answer to the complaint within 28 days after service of this summons on you, exclusive of the day of service.

Your answer must be filed with the Court within 3 days after the service of a copy of the answer on the Plaintiff's attorney, or upon the Plaintiff if he has no attorney of record. If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

**JILL FANKHAUSER, CLERK**

*Taylor Ogden*

Deputy Clerk                                              **SCANNED**

**CC:**    BRAKEFIRE INC

## 2024CV00026 OHIO SECURITY INS CO VS. BRAKEFIRE INC OPEN

- Case Type:
- CIVIL (COMMON PLEAS)
- Case Status:
- OPEN
- File Date:
- 01/11/2024
- DCM Track:
-
- Action:
- OTHER CIVIL
- Status Date:
- 01/11/2024
- Case Judge:
- PITTMAN, LAURIE J
- Next Event:
-

**All Information** | **Party** | **Docket** | **Financial** | **Receipt** | **Disposition**

### Docket Information

| Date | Docket Text | Amount Owed | File Ref Nbr. | Amount Due | Image Avail. |
|------|-------------|-------------|---------------|------------|--------------|
| 01/11/2024 | COMPLAINT FILED. ACTION: OTHER CIVIL  Receipt: 500788  Date: 01/11/2024<br>KESHA D KINSEY (Attorney) on behalf of OHIO SECURITY INS CO (PLAINTIFF) | $261.50 | | $0.00 | Image |
| 01/11/2024 | DEPOSIT RECEIVED  Receipt: 500788  Date: 01/11/2024 | $58.50 | | $0.00 | |
| 01/11/2024 | CREDIT CARD PAYMENT FEE  Receipt: 500788  Date: 01/11/2024 | $12.80 | | $0.00 | |
| 01/11/2024 | CIVIL DESIGNATION FORM FILED.   (SEE IMAGE) | | | | Image |
| 01/11/2024 | INSTRUCTIONS VIA CERTIFIED MAIL FILED.  (SEE IMAGE)<br>KESHA D KINSEY (Attorney) on behalf of OHIO SECURITY INS CO (PLAINTIFF) | | | | Image |
| 01/12/2024 | COPIES ON A CASE  Receipt: 502122  Date: 01/31/2024 | $0.40 | | $0.00 | |
| 01/12/2024 | SUMMONS AND COPY OF COMPLAINT  ISSUED TO DEFTS<br><br>CIVIL SUMMONS<br>Sent on:  01/12/2024 15:33:56.15  Receipt: 502122  Date: 01/31/2024 | $2.00 | | $0.00 | Image |
| 01/12/2024 | Issue Date:  01/12/2024<br>Service:  SUMMONS AND COMPLAINT ISSUED TO DEFENDANTS<br>Method:  (GEN DIV) E-CERTIFIED<br>Cost Per:  $12.00<br><br>BRAKEFIRE INC<br> % MICHAEL GLASSMAN<br>225 E 5TH ST #1900<br>CLEVELAND, OH   45202<br>Tracking No: 9171900005566900725262<br><br>Receipt: 502122  Date: 01/31/2024 | $12.00 | | $0.00 | |
| 01/16/2024 | CERTIFIED MAIL RECEIVED BY POST OFFICE<br>USPS PRE-SHIPMENT INFO SENT  USPS AWAITS ITEM  - Service<br>Date: 01/16/2024 12:13<br>Tracking Number: 91 7190 0005 5669 0072 5262 | | | | |

**EXHIBIT B**

**Portage County Common Pleas Court**
**203 W Main St Po Box 1035**
**Ravenna Ohio 44266-1035**
**Phone 330-297-3644 Fax 330-297-4554**

**Case Number: 2024CV00026**

**CIVIL SUMMONS**

| |
|---|
| FILED<br>COURT OF COMMON PLEAS<br>01/12/2024<br><br>JILL FANKHAUSER, CLERK<br>PORTAGE COUNTY, OHIO |

OHIO SECURITY INS CO, et al
      **PLAINTIFF(S)**

    **VS**

BRAKEFIRE INC, et al
      **DEFENDANT(S)**

TO:   **BRAKEFIRE INC**
      **DBA SILCO FIRE & SECURITY**
      **% MICHAEL GLASSMAN**
      **225 E 5TH ST #1900**
      **CLEVELAND OH 45202**

**NAME AND ADDRESS OF PLAINTIFF'S ATTORNEY:**

KESHA D KINSEY 41 S HIGH ST SUITE 2300  COLUMBUS OH 43215

**DEFENDANT TAKE NOTICE**

You have been named as a Defendant in a complaint filed in the Portage County Common Pleas Court by the Plaintiff named above. Copy of complaint is attached hereto.

You are hereby notified, summoned and required to serve upon the Plaintiff's attorney, or upon the Plaintiff if he has no attorney of record, a copy of an answer to the complaint within 28 days after service of this summons on you, exclusive of the day of service.

Your answer must be filed with the Court within 3 days after the service of a copy of the answer on the Plaintiff's attorney, or upon the Plaintiff if he has no attorney of record. If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

**JILL FANKHAUSER, CLERK**

*Taylor Ogden*

Deputy Clerk                        **SCANNED**

CC:   **BRAKEFIRE INC**

**Portage County Common Pleas Court**
**203 W Main St Po Box 1035**
**Ravenna Ohio 44266-1035**
**Phone 330-297-3644 Fax 330-297-4554**

Case Number: **2024CV00026**

**CIVIL  SUMMONS**

| |
|---|
| FILED<br>COURT OF COMMON PLEAS<br>01/12/2024<br><br>JILL FANKHAUSER, CLERK<br>PORTAGE COUNTY, OHIO |

OHIO  SECURITY  INS  CO, et al
**PLAINTIFF(S)**

**VS**

BRAKEFIRE  INC, et al
**DEFENDANT(S)**

TO:   File  Copy

**NAME  AND  ADDRESS  OF  PLAINTIFF'S  ATTORNEY:**

KESHA  D KINSEY  41 S HIGH  ST SUITE 2300   COLUMBUS  OH 43215

**DEFENDANT  TAKE  NOTICE**

You have been named as a Defendant in a complaint filed in the Portage County Common  Pleas Court by the Plaintiff named above. Copy of complaint is attached hereto.

You are hereby notified, summoned and required to serve upon the Plaintiff's attorney, or upon the Plaintiff if he has no attorney of record, a copy of an answer to the complaint within 28 days after service of this summons on you, exclusive of the day of service.

Your answer must be filed with the Court within 3 days after the service of a copy of the answer on the Plaintiff's attorney, or upon the Plaintiff if he has no attorney of record. If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

**JILL  FANKHAUSER,  CLERK**

*Taylor Ogden*

Deputy Clerk                                                      **SCANNED**

**CC:**    BRAKEFIRE INC