UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY a/s/o SKYWAYS PETROLEUM LLC DBA COMFORT INN & SUITES )<br><br>Plaintiffs, )<br><br>v. )<br><br>BRAKEFIRE, INCORPORATED DBA SILCO FIRE & SECURITY )<br><br>Defendants. ) | CASE NO.: 5:24-cv-00267<br><br>THE HONORABLE JUDGE SARA E. LIOI<br><br>DEFENDANT BRAKEFIRE INCORPORATED DBA SILCO FIRE & SECURITY'S MOTION FOR JUDGMENT ON THE PLEADINGS |

Defendant, Brakefire, Incorporated DBA Silco Fire & Security ("Silco"), hereby moves this Honorable Court for an Order for judgment on the pleadings and dismissing Plaintiff's, Ohio Security Insurance Company a/s/o Skyways Petroleum LLC DBA Comfort Inn & Suites ("OSIC"), Complaint pursuant to Fed. Civ.R. 12(c). In support of this motion, Silco states the following reasons as grounds for relief:

1. Defendant failed to allege a Breach of Contract claim, but instead alleged Common Law Negligence despite the existence of an express contract existing between the parties;

2. The Contract that Plaintiff failed to attach to its Complaint contains an express one (1) year limitations period in which Plaintiff had to file the subject lawsuit or otherwise be forever barred, and Plaintiff filed its lawsuit well beyond the one (1) year agreed upon limitations period;

3. The Contract contains a waiver of subrogation provision that bars OSIC as the subrogee of its insured, Skyways Petroleum, LLC DBA Comfort Inn & Suite ("Skyways"), from bringing its claim based upon its alleged rights of subrogation against Silco.

A memorandum in support follows.

<u>**MEMORANDUM IN SUPPORT**</u>

<u>**STATEMENT OF FACTS AND CASE**</u>

On November 24, 2021 Silco and OSIC's insured Skyways Petroleum LLC DBA Comfort Inn & Suites ("Skyways") entered into a contract related to all services for the fire suppression system located at the subject property.[1] ("Contract") The Contract, which was approved by Skyways on November 28, 2021,[2] provides, in relevant part, but is not limited to the following:

- *"Customer expressly acknowledges and agrees that it has read, understood, and is legally bound by the Silco Terms & Conditions below, which are also listed at <u>https://silcofs.com/terms/</u>."*

- *"No suit or action shall be brought against Silco more than one (1) year after the accrual of the cause of action."*

- *"In case of any claim or loss, Customer and Silco mutually agree that their respective insurance companies shall have no right of subrogation against the other on account thereof."*

- *"If Silco is found negligent or otherwise liable for any goods sold and/or work performed, then Silco's liability shall bel limited to a maximum of $10,000, and this liability shall be exclusive."*

- *"These Terms & Conditions apply to all past, present, or future services performed by Silco at Customer's Locations. Customer further agrees that Silco retains the right to change its Terms & Conditions at any time with or without notice to Customer."*

On March 15, 2022, counsel for OSIC sent Silco a certified letter advising Silco that OSIC was Skyways commercial property insurance carrier, and as such were asserting their [sic] subrogation

---

[1] See Silco's Answer at ¶ 6, and **<u>Exhibit A</u>** attached to Silco's Answer to Plaintiff's Complaint.[Doc# __].
[2] Silco's Answer at ¶ 6.

rights against Silco related to water damage that occurred at the subject property on or about February 3, 2022.[3] On January 11, 2024, OSIC filed a complaint in the Portage County Court of Common Pleas against Silco setting forth one claim for relief for common law negligence. Silco removed the matter to this Court on February 12, 2024, on the basis of federal diversity jurisdiction. (*See* Notice of Removal, [Doc #1]. Silco filed its Answer to OSIC's Complaint on March 12, 2024.[Doc# 10] The pleadings are closed and joined and, therefore, ripe for disposition pursuant to Fed. R. Civ. Proc. 12(c).

## LAW AND ARGUMENT

### I. *Fed. Civ.R.12(c) Motion For Judgment On The Pleadings Standard*

Courts apply the same analysis to motions for judgment on the pleadings under Rule 12(c) as they apply to motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (internal citation and quotation marks omitted)). However, the Court need not accept as true legal conclusions or unwarranted factual inferences. *Id.* (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868

---

[3] See **Exhibit B** attached to Silco's Answer to Plaintiff's Complaint.[Doc# 10].

(2009)). A "legal conclusion couched as a factual allegation" need not be accepted as true, nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

In ruling on a motion for judgment on the pleadings, the Court considers the pleadings, which includes the complaint, answer, and any written instruments attached as exhibits. *Roe v. Amazon.com*, 170 F. Supp. 3d 1028, 1032 (S.D. Ohio 2016) (citing Fed. R. Civ. P. 12(c); Fed. R. Civ. P. 7(a)). *See also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Generally, if it is inconsistent with the allegations in the complaint, the exhibit controls. *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 441 (6th Cir. 2012). <u>See also</u> *Rinear v. Capital Mgmt. Servs., L.P.*, No. 1:12-cv-958, 2013 U.S. Dist. LEXIS 36916, 2013 WL 1131069, at *2 (S.D. Ohio Mar. 18, 2013) (Dlott, J) (noting that a Court may consider documents attached to the defendant's answer in a Rule 12(c) motion when they are integral to the claims and the authenticity of the documents is not disputed); *Pac. Space Design Corp. v. PNC Equip. Fin., LLC*, No. 1:13-CV-00460, 2014 U.S. Dist. LEXIS 162274, 2014 WL 6603288, at *4 (S.D. Ohio Nov. 19, 2014) (Dlott, J.) (considering lease agreement in 12(c) motion where both parties agreed that an agreement existed). Here, the Contract attached as ***Exhibit A*** to Silco's Answer is authenticated by both Silco, and by the Skyway's representative on November 28, 2023.

II. <u>**OSIC'S Complaint For Common Law Negligence Is Barred Due To The Existence Of An Express Contract**</u>

OSIC's solitary claim for negligence is barred under Ohio law, as the parties' relationship is governed by contract. *Thornton v. Cangialosi*, No. 2:09-CV-585, 2010 U.S. Dist. LEXIS 51818, 2010 WL 2162905, at *2 (S.D. Ohio May 26, 2010)).

OSIC as the subrogee for its insured, Skyways, steps into Skyway's shoes and is entitled only

to the benefits Skyway's enjoys, and is further subject to the defenses asserted by Silco as they apply to the contractual relationship between Skyways and Silco. "The subrogee, upon paying an obligation owed to the subrogor as the primary responsibility of a third party, is substituted in the place of the subrogor, thereby attaining the same and no greater rights to recover against the third party." *Farm Bureau Gen. Ins. Co. v. Schneider Nat'l Carriers*, 552 F. Supp. 3d 750, 755-756, citing and quoting, *Citizens Ins. Co. of Am. v. Am. Cmty. Mut. Ins. Co.*, 197 Mich. App. 707, 495 N.W.2d 798, 799 (Mich. Ct. App. 1992). Pursuant to Ohio law, an insurer-subrogee stands in the shoes of the insured-subrogor and has no greater rights than those of its insured-subrogor. *Chemtrol Adhesives v. Am. Mfrs. Mut. Ins. Co.*, 42 Ohio St.3d 40, 42, 537 N.E.2d 624, 628 (1989). When the insured's claim against a tortfeasor is based on negligence, the insurer's subrogated claim is also necessarily based on negligence, rather than on the insurance contract. *Ohio Mut. Ins. Assn., United Ohio Ins. Co. v. Warlaumont*, 124 Ohio App. 3d 473, 475, 706 N.E.2d 793, 794 (Ohio App. 12th Dist. 1997) (citing *State Farm Mut. Auto Ins. Co. v. Rossi*, No. 89-T-4247, 1989 Ohio App. LEXIS 4551, 1989 WL 149319 (Ohio App. 11th Dist. Dec. 8, 1989)); *Bartelmay v. Body Flex Sports, Inc.*, 2013 U.S. Dist. LEXIS 85457, *7 Thus, OSIC cannot and does not have a separate claim for negligence against Silco, where, as here, Silco's relationship with Skyways is governed by an express contract.

Under Ohio law, "the existence of a contract action generally excludes the opportunity to present the same case as a tort claim." *Wolfe v. Continental Cas. Co.*, 647 F.2d 705, 710 (6th Cir.1981). Ohio courts have held that "[a] tort claim based upon the same actions as those upon which a claim of contract breach is based will exist independently of the contract action only if the breaching party also breaches a duty owed separately from that created by the contract, that is, a duty owed even if no contract existed." *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 115 Ohio App.3d 137, 151, 684 N.E.2d 1261, 1270 (9th Dist.1996), citing *Battista v. Leb. Trotting Asso.*, 538 F.2d 111, 117 (6th Cir.1976). If the tort claim is factually intertwined with the breach of contract claim such that the two cannot be separated, recovery cannot be had for both. *See id*. at 153, 684 N.E.2d at 1272. Here, each

of the duties OSIC alleges at Paragraph 14 of its Complaint that Silco breached derive exclusively out of the contract entered into between Silco and Skyways. There is no duty, or alleged duty, that Silco breached that exists independent of the contract attached as **_Exhibit A_** to Silco's Answer. Thus, OSIC's tort claim for negligence is unsustainable.

Accordingly, this Honorable Court should dismiss Plaintiff's Complaint as a matter of law.

**III**. **_OSIC's Claim Is Time Barred Pursuant To The Contract One (1) Year Limitations Provision_**

According to OSIC, the alleged incident occurred on February 3, 2022, and OSIC did not even place Silco on notice of its claim until March 15, 2022.[4] The Contract provides that *"No suit or action shall be brought against Silco more than one (1) year after the accrual of the cause of action."* "Logic dictates that when an insured's tort claim is subject to a statute of [or contractual] limitations, so too is the insurer's subrogation claim." *U.S. Fid. & Guar. Co. v. Buckeye Union Ins. Co.*, 6th Dist. Lucas No. L-85-377, 1986 Ohio App. LEXIS 8429, 1986 WL 11418, at *4 (Sept. 30, 1986), (Ohio App. 6th Dist. Sept. 30, 1986); *Bartelmay v. Body Flex Sports, Inc.*, 2013 U.S. Dist. LEXIS 85457, *7

A one year contractual time limitation provision, rather than using the Ohio Revised Code statutory limitation, is reasonable and, hence, enforceable. *Perkins v. Liberty Mut. Fire Ins. Co.*, 2005 U.S. Dist. LEXIS 20680, *1. Ohio courts have routinely held one-year contractual limitation clauses are reasonable and enforceable. See *Arp v. Am. Family Ins. Co.*, 187 Ohio App. 3d 561, 567, 2010-Ohio 2250, 932 N.E.2d 968, 973, cause dismissed, 126 Ohio St. 3d 1536, 2010- Ohio 3860, 931 N.E.2d 1100, citing *Hounshell v. Am. States Ins. Co.* (Aug. 5, 1981), 67 Ohio St.2d 427, 429-430, 21 O.O.3d 267, 424 N.E.2d 311. ("It is well settled that a one-year contractual limitations period for bringing suit pursuant to a [ ] contract is lawful and enforceable."). Here, the Contract provision that expressly

---

[4] See Silco's Answer at ¶ 6, and **_Exhibit B_** attached to Silco's Answer to Plaintiff's Complaint.[Doc# 10].

provides that "*No suit or action shall be brought against Silco more than one (1) year after the accrual of the cause of action"* is not ambiguous. And in *Appel v. Cooper Ins. Co.,* 76 Ohio St. 53, the Ohio Supreme Court found that such contractual time limitation provisions were enforceable, "with the qualification only that [the] provisions and limitations must be reasonable." *Appel*, 76 Ohio St. at 61, 80 N.E. at 958. Multiple courts have further held that a one (1) year written/contractual limitations period is reasonable. *Thomas v. Allstate Ins. Co.*, 974 F.2d 706, 710; *Smith v. City of Barberton*, 2021 U.S. Dist. LEXIS 36449; <u>See also</u> *Universal Windows & Doors, Inc. v. Eagle Window & Door, Inc.*, 116 Ohio App. 3d 692, 697, 689 N.E.2d 56, 59 (1996). ("From the record, we conclude that the one-year limitation for a suit based on a breach of the dealer agreement was reasonable."); *Brondes Ford, Inc. v. Habitec Sec.*, 2015-Ohio-2441, ¶ 148, 38 N.E.3d 1056, 1089. ("As set forth above, we have determined that the one-year limitation set forth in paragraph 25 of the Agreement is reasonable."); *Smith v. City of Barberton*, 2021 U.S. Dist. LEXIS 36449, *10-11.

Here, OSIC admits the claim against Silco accrued on February 3, 2022. It further placed Silco on notice of the claim on March 15, 2022. Thus, OSIC had until February 3, 2023 (March 15, 2023, at latest, if you are really feeling generous) to bring its claim against Silco. But OSIC did not commence its action against Silco until January 11, 2024, almost two (2) years after the incident occurred and the claim accrued. Thus, OSIC's claim against Silco is time barred.

Accordingly, this Honorable Court should dismiss Plaintiff's Complaint as a matter of law.

### III. <u>OSIC'S Complaint For Common Law Negligence[5] Is Barred Due To The Contractual Waiver Of Subrogation Provision</u>

The Contract specifically and unambiguously provides that:

*"In case of any claim or loss, Customer and Silco mutually agree that their respective insurance companies shall have no right of subrogation against the other on account thereof."*

Waiver of liability clauses are valid expressions of the parties' freedom to contract. Ohio

---

[5] OSIC did not plead and/or assert any gross negligence by Silco.

courts have held that such a clause which mutually prohibits the owner and contractor from enforcing their rights against each other for damages caused by fire or other perils covered by insurance is not void as being against public policy. Ohio courts have also repeatedly held that waiver-of-subrogation provisions are valid and enforceable. Thus, it is axiomatic that an insurer-subrogee, here OSIC, cannot succeed to or acquire any right or remedy not possessed by its insured-subrogor, here Skyways. *Westfield Ins. Group v. Affinia Dev., LLC,* 2012-Ohio-5348, P1.

Moreover, "With regard to legal subrogation, the supreme court has previously held that parties to a contract may modify, extinguish or even completely destroy the right." *Nationwide Mut. Fire Ins. Co. v. Sonitrol, Inc.*, 109 Ohio App.3d 474, 482, 672 N.E.2d 687 (8th Dist.1996), citing *Bogan v. Progressive Ins. Co.*, 36 Ohio St.3d 22, 521 N.E.2d 447 (1988). Additionally, "[i]t is axiomatic that an insurer-subrogee cannot succeed to or acquire any right of remedy not possessed by its insured-subrogor." Id., citing *Chemtrol Adhesives, Inc. v. American Mfrs. Mut. Ins. Co.,* 42 Ohio St. d 40 (1989), paragraph one of the syllabus. Additionally, courts "' have upheld contract provisions where the parties agreed to waive claims of personal liability in the event of a loss or peril, with the understanding that the loss would be covered by insurance.'" Id. at 483, quoting *Len Immke Buick v. Architectural Alliance,* 81 Ohio App. 3d 459, 464, 611 N.E.2d 399 (10th Dist. 1992); *Nationwide Mut. Fire Ins. Co. v. M.B. Roofing Sys.*, 2015 Ohio Misc. LEXIS 12492, *7.

Here, it cannot be disputed that the Contract and insurance policy were contracts entered into by sophisticated business entities with equal bargaining power. Silco and Skyways agreed to waive any claims – and have no rights of subrogation -- against each other for damage to the premises or property. OSIC permitted its insured to enter into such an agreement, thereby waiving its right to subrogation. In sum, Ohio courts have repeatedly held that waiver-of-subrogation provisions are valid and enforceable. *Goodyear Tire & Rubber Co. v. G4S Secure Solutions (United States), Inc.*, 2013 U.S. Dist. LEXIS 9054, *1, citing *Acuity v. Interstate Construction, Inc.*, 2008 Ohio 1022, 2008 WL 625097 at *2 (Ohio App. 11 Dist. 2008).

Accordingly, this Honorable Court should dismiss Plaintiff's Complaint as a matter of law.

> Respectfully submitted,
>
> */s/ Thomas J. Connick*
> Thomas J. Connick (0070527)
> ***Schneider Smeltz Spieth Bell LLP***
> 1375 East 9th Street, Suite 900
> Cleveland, OH  44114
> (216) 696-4200 / (216) 696-7303 (fax)
> tconnick@sssb-law.com
>
> ***Counsel for Defendant Brakefire,***
> ***Incorporated DBA Silco Fire & Security***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

> */s/ Thomas J. Connick*
> Thomas J. Connick (0070527)