IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY a/s/o SKYWAYS PETROLEUM LLC DBA COMFORT INN & SUITES, | CASE NO. 5:24-CV-00267 |
| | JUDGE SARA LIOI |
| Plaintiff, | |
| v. | <u>PLAINTIFF'S MEMORANDUM CONTRA TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS</u> |
| BRAKEFIRE, INCORPORATED DBA SILCO FIRE & SECURITY, | |
| Defendant. | |

Plaintiff, Ohio Security Insurance Company as subrogee of Skyways Petroleum LLC dba Comfort Inn & Suites, by and through its attorney, hereby submits its Memorandum Contra to Defendant's Motion for Judgment on the Pleadings. A Memorandum in Support is attached hereto and is incorporated herein for reference.

Attorney for Defendant,

By: <u>/s/ Kesha D. Kinsey</u>
   Kesha D. Kinsey (0080534)

P.O. Box 6835
Scranton, PA 18505-6835
Phone: (513) 241-5005
Fax: (800) 977-4146
Kesha.Kinsey@libertymutual.com

**MEMORANDUM IN SUPPORT**

I. **STATEMENT OF THE CASE**

At all times relevant herein, Plaintiff's Insured had hired Defendant to maintain the fire sprinkler system at its property, which operated as a hotel. (Plaintiff's Complaint, ¶6). On or about February 3, 2022, a water event occurred in the Plaintiff's Insured's hotel, which caused severe water damage. (*Id.* at ¶7). The pipes/sprinkler system froze and burst. (*Id.* at ¶9). After an inspection, the hotel was deemed to be a total loss and not salvageable. (*Id.* at ¶7). Investigation determined that the water event was due to the water in the fire sprinkler system freezing causing the pipes to burst. Pursuant to the terms and conditions of the applicable insurance policy, Plaintiff paid substantial sums to or on behalf of its insured for water event related damage. (*Id.* at ¶10).

Based on the foregoing, Plaintiff filed its Complaint on or about January 11, 2024. Defendant filed its Answer on or about March 12, 2024. Defendant also file its Motion for Judgment on the Pleadings arguing that Plaintiff's common law claim is barred (1) due to a provision limiting the applicable statute of limitations to one year; (2) due to the existence of an express contract between Plaintiff's insured and Defendant; and (3) due to a contractual waiver of subrogation provision contained within a contract between Plaintiff's insured and Defendant.

II. **LAW AND ARGUMENT**

Federal Rules of Civil Procedure 12(c) permits a party to move for judgment on the pleadings. A Rule 12(c) motion is equivalent to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief could be granted. *Dworkin v. Hustler Magazine*, 867 F.2d 1188, 1192 (9th Cir. 1989). When deciding a motion for judgment on the pleadings, the court can consider the pleadings, documents that are matters of public records, and documents that are alleged in the pleadings and are central to the claim. *Gekas v. Vasiliades*, 2012 WL 5948679 (C.D. Illinois 2012). The

2

court must though assume that all allegations contained in the complaint are true and must draw all inferences in favor of the plaintiff. *See id.*

**1. Plaintiff's Complaint is not time barred.**

First, Defendant moves for judgment on the pleadings on Plaintiff's Complaint arguing that its Complaint is time-barred by a one-year limitations provision contained within an alleged agreement between Plaintiff's insured and Defendant.

As an initial matter, the copy of the alleged agreement between Plaintiff's insured and Defendant was not signed by Plaintiff's insured nor does Defendant submit any other proof that Plaintiff's insured ever agreed to provisions it attaches to its Answer. *See North Side Bank & Trust Company v. Trinity Aviation, LLC*, 1st Dist. Hamilton No. 2020-Ohio-1470 (stating that "for either express or implied-in-fact contract to exist, a meeting of the minds between the contracting parties must occur, demonstrated by offer, acceptance, and consideration"). Even assuming Defendant can establish that Plaintiff's insured agreed to be bound by any provision shortening the statute of limitations, reducing the applicable statute of limitations by 75% is unreasonable and thus the provision is invalid.

In *Angel*, the Ohio Supreme Court held that parties could contractually agree to shorten the applicable statute of limitation period "as long as the shorter period is a reasonable one." *Angel v. Reed*, 119 Ohio St.3d 73, 2008-Ohio-3193, ¶ 11 (2008) (emphasis added).

Here, Plaintiff is bringing a claim for negligence. Accordingly, pursuant to R.C. § 2305.09(D), Plaintiff has four years to bring its claim for negligence. Plaintiff's claim accrued on or about February 3, 2022, with Plaintiff filing its Complaint by January 11, 2024. Limiting the applicable statute of limitations period to one year is unreasonable. A contractual provision that shortens the applicable statute of limitations period by three years is on its face unreasonable especially when considering that a water-type property damage claim requires time for investigation

3

to occur as to the cause. Defendant will likely argue that the applicable statute of limitations is two years but that makes it even more obvious that limiting the statute of limitations is even more unreasonable. The repairs may take longer than one year, therefore no true damages tally could be determined within one year.

Besides permitting investigation, the limitations period should permit some time for the parties to engage in negotiations prior to the filing of any complaint, as holding to the contrary, would just increase court costs and ultimately hinder settlement without the need for judicial intervention. Thus, limiting the applicable statute of limitations to only one year is unreasonable as it does not provide the parties with an opportunity to investigate the cause of the water damage and engage in negotiations prior to seeking judicial intervention; such a provision should not be applied here, especially since it is undisputed that Plaintiff was not a party to contract limiting the statute of limitations to only one year. Instead, the provision is if anything contained within an agreement between Plaintiff's insured and Defendant.

**2. Plaintiff's common law claim is not barred due to the existence of a contract between its insured and Defendant.**

Defendant also moves for judgment on the pleadings with respect to Plaintiff's common law claim arguing it is barred (1) due to the existence of an express contract and (2) due to a contractual waiver of subrogation provision.

Again, Plaintiff disputes Defendant submits proof that its insured agreed to be bound by the agreement it submits with its Answer including the wavier of subrogation provision as the alleged agreement is not signed by Plaintiff's insured.

Regardless, again even assuming it does validate the existence of any contract, Plaintiff still has a valid claim for negligence that is independent from any breach of contract claim. A tort claim based on the same conduct supporting a breach of contract claim may exist in instances if which "the breaching party had a duty existing independent of the contract, i.e., a duty that exists even if

4

there were no contractual agreement." *Lucas v. Eclipse Companies, LLC*, 7th Dist. Monroe No. 23 MO 0007, 2023-Ohio-4728, ¶30. "In other words, the tort claim must be based on a duty that would be owed even if no contract existed." *Id.*

In *Lucas*, the Seventh District held that the plaintiffs were not precluded from bringing negligence-based claims even though a contract existed. *Id.* ¶35. This is because the duty not to damage another's property is "independent of those flowing from the contract." *Id.* ¶33.

Likewise, here, Plaintiff brings negligence based on the following duties, which all exist independent from the contract between the parties:

(a) Carelessly and negligently left water in the fire sprinkler system while maintaining said system;

(b) Carelessly and negligently failing to warn its customer of the dangers inherent in leaving water in the fire sprinkler system;

(c) Carelessly and negligently failing to train, supervise and instruct its employees or agents;

(d) Carelessly and negligently failing to follow applicable codes and standards in maintaining the fire sprinkler system;

(e) Carelessly and negligently failing to properly drain the fire sprinkler system, thereby creating the risk that a water event would occur; and

(f) Was otherwise careless and negligent in maintaining the fire sprinkler system.

(Pl's Complaint, ¶14). These duties exist independently from any contract, and accordingly, Plaintiff's common law claim is not barred by the existence of a contract between the parties.

Plaintiff's common law claim is also not barred by any provision between Plaintiff's insured and Defendant. Plaintiff's insured is unable to waive the subrogation rights of its insurer, Plaintiff. Plaintiff's right to subrogation is "itself wholly independent" of any contract between Plaintiff's insured and Defendant. *See Love v. Nationwide Mut. Ins. Co.*, 10th Dist. Franklin No. 94APE12-1708, 104 Ohio App.3d 804.

Accordingly, Plaintiff's insured should not be permitted to destroy Plaintiff's subrogation rights through a contract with a third party especially when Plaintiff is not a party to the contract.

Moreover, if the Court does hold that Plaintiff's negligence claim is barred by the contractual waiver of subrogation provision, dismissal would be futile, as Plaintiff should be permitted to amend its Complaint to allege allegations of willful misconduct by Defendant, which would operate to create tort liability and/or void the wavier of subrogation clause. *See Ohio Cas. Ins. Co. v. D & J Distrib & Mfg. Inc.*, 6th Dist. Lucas No. CI-06-4644, 2009-Ohio-3806 (holding a waiver of subrogation clause is unenforceable when a defendant has engaged in gross negligence or willful misconduct).

Here, Plaintiff's insured had retained Defendant to maintain its sprinkler system. (Plaintiff's Complaint, at ¶6). On or about February 3, 2022, the pipes/sprinkler system froze and burst. (*Id.* at ¶9). After an inspection, the hotel was deemed to be a total loss and not salvageable. (*Id.* at ¶7). Investigation determined that the water event was due to the water in the fire sprinkler system freezing causing the pipes to burst. Thus, based on the foregoing, Defendant's actions could have been willful and/or wanton, as the sprinkler system was not properly maintained causing significant damages to be incurred.

### III.  CONCLUSION

WHEREFORE, based on the foregoing, Plaintiff respectfully requests that Defendant's Motion for Judgment on the Pleadings be denied.

Respectfully submitted,

/s/ *Kesha D. Kinsey*
Kesha D. Kinsey (0080534)
Attorney for Plaintiff

6

<u>CERTIFICATE OF SERVICE</u>

A copy of the foregoing was served this 25th day of March, 2024, through the Court's Electronic Filing Service as applicable and/or by ordinary U.S. mail, upon:

THOMAS J. CONNICK
1375 East 9th Street, Suite 900
Cleveland, Ohio 44114
**Attorney for Defendant**

*/s/Kesha D. Kinsey*
Kesha D. Kinsey (0080534)
